UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

IN RE:

JULIE M. ROEN and                 Case No. 16-10037-7
ROBERT M. DORSHAK,

Debtors.

## MEMORANDUM DECISION

Debtors Julie Roen ("Roen") and Robert Dorshak ("Dorshak") filed a voluntary chapter 7 petition on January 7, 2016. They each assert a $75,000 exemption in real property as homestead property under Wis. Stat. § 815.20. The Trustee objects to the claim of exemption by Robert Dorshak.

Statement of Facts

The Debtors reside at 4115 116th Street, Chippewa Falls, Wisconsin. The Debtors place its value at $156,000. Debtors were married on May 26, 2011. Roen owned the real estate free and clear with no liens prior to marriage. A Quit Claim Deed from Steven Roen, as Grantor, to Julie Roen, as Grantee, confirms she has been the record title holder of the real estate since 2007. There has been no mortgage on the real estate since before the Debtors' marriage, and no marital assets were used to pay down any principal indebtedness on the real estate. These facts are undisputed.

The Debtors state that during their marriage, Dorshak has paid approximately $13,500 in real estate taxes; approximately $7,800 in home insurance; approximately $3,500 to replace a water line running from the

home to the street; approximately $2,600 to repair damage to the home's roof, ceiling, and insulation; and $5,000 to repaint the home. They also say that after marrying Dorshak, Roen terminated her employment to allow her to care for her niece and nephew. Roen receives social security disability income of $758.00 per month and $1,500 of social security income on behalf of the children, for a total of $2,258 per month. The Debtors assert these facts constitute mixing of marital property with individual property resulting in a conversion of the entire real property to marital property. Based on this assertion, the Debtors contend that Dorshak is entitled to a homestead exemption.

The Trustee concedes Roen is entitled to claim a homestead exemption in the real estate in the amount of $75,000. He objects to any claim of exemption by Dorshak on the basis the real estate is Roen's individual property and argues the expenditures noted above do not constitute mixing or result in conversion of any portion of the real property to marital property.

## Discussion

A.    <u>Dorshak is not a title holder</u>.

Wis. Stat. § 815.20 allows a "resident owner" to claim an exemption in a homestead in the amount of $75,000.  The exemption "extends to land owned by husband and wife jointly or in common or as marital property," and if this condition is satisfied, then each spouse may claim a homestead exemption of not more than $75,000. Homestead exemptions are usually "liberally construed in favor of the debtor." *In re Coenen*, 487 B.R. 539, 541 (Bankr. W.D. Wis.

2

2012). Still, in order for each spouse to assert an exemption, each must be the owner of the real estate either jointly, as tenants in common, or as marital property. "The most basic requirement of the homestead exemption is ownership of the property; the statute provides in unambiguous terms that the property must be selected by a 'resident owner and occupied by him.'" *Id.* (quoting *In re Arnhoelter*, 431 B.R. 453, 454 (Bankr. E.D. Wis. 2010)). If the debtor is not the title owner of the property, he may not claim a homestead exemption even if he resides there. *Id.*

Dorshak is not a title holder. The property is titled solely in Roen's name. Accordingly, there is no question this property is not held either in joint tenancy or tenancy in common. Neither is it titled as marital property.

Wisconsin law uses a "determination date" to help assess whether property is individual or marital property. The determination date is "the last to occur of the following: (a) Marriage. (b) 12:01 a.m. on the date that both spouses are domiciled in this state. (c) 12:01 a.m. on January 1, 1986." Wis. Stat. § 766.01(5). If the date of the marriage is the same as the determination date, the property owned at the determination date is individual property of the owning spouse. Wis. Stat. § 766.31(6).

Though we lack specific details on where the Debtors were married and where they lived before, it appears the determination date is the date of marriage. As evidenced by the Quit Claim Deed, Roen already owned the property at the time of the marriage. If Dorshak lived in Wisconsin at the time of the marriage, the date of the marriage and the determination date would be

3

the same. If he moved here after the date of the marriage, the date on which he established residence in Wisconsin would be the determination date. The potential distinction between these dates is not relevant to a determination of the issue before the Court because it is undisputed that Roen owned the real estate as her individual property prior to the determination date. Thus, Wis. Stat. §§ 766.31(8) and (9) would still treat the real estate as individual property.

The Debtors attempt to distinguish *In re Coenen* by claiming the homestead in that case was owned by the debtor's LLC. Without more, this argument is unpersuasive. In *In re Coenen*, a debtor claimed a homestead exemption on a bar in which he lived. 487 B.R. 539, 540 (Bankr. W.D. Wis. 2012). The debtor held a 100% interest in an LLC that owned the bar, and claimed the exemption based on his LLC interest. *Id.* at 540-41. Judge Martin disallowed the debtor's homestead exemption because the debtor and the LLC were separate legal entities, finding the debtor did not own the property. *Id.* at 540-43. While *In re Coenen* does not analyze converting non-marital property into marital property, the case is on point to the degree it stands for the proposition that before a debtor may claim a homestead exemption they must first own the property. Here, Dorshak does not own the real estate. Like the LLC, Roen retains title to the property.

B.   <u>Dorshak's expenditures do not create marital property under a theory of mixing</u>.

Although Dorshak had no ownership interest in the property on the determination date, he asserts he acquired an ownership by virtue of mixing marital property with non-marital property. If marital property is mixed with

4

non-marital property, the non-marital property may be reclassified as marital property "unless the component of the mixed property which is not marital property can be traced." Wis. Stat. § 766.63(1).

Using marital funds to pay down the purchase price of an individually-owned piece of real estate would make the real estate community property, "but only to the extent and in the proportion that the purchase price is contributed by the community." *In re Czerneski*, 330 B.R. 240, 245 (Bankr. E.D. Wis. 2005). No community funds were used by these Debtors to purchase the property or to pay down the principal of any mortgage. Thus, this method of converting all or a portion of property to marital property has not been satisfied.

In *In re Czerneski*, the court addressed whether the payment of real estate taxes on individual property served to "mix" the property and make it community. The court held that it did not mix the property. *In re Czerneski*, 330 B.R. at 244-45. "[T]he payment of real estate taxes alone is insufficient to establish mixing." *Id.* at 245. Wisconsin case law establishes the payment of real estate taxes merely maintains the property's value but does not enhance the value in any way. *Krueger v. Rodenberg*, 190 Wis. 2d 367, 527 N.W.2d 381, 384 (Wis. Ct. App. 1994). Wisconsin law allows for mixing to the extent of the value added to the real estate with marital assets. Tax payments do not add value to the estate, they merely maintain the property's current value. *Id.* at 385. Neither does the payment of insurance premiums enhance the property's

current value. At best, it simply maintains a property's value. There is no credit for the payment of taxes or other maintenance expenses. *Id.*

The Debtors argue *Czerneski* is inapplicable because the debtors in that case used the federal wild card exemption on vacant property. In *In re Czerneski*, the court addressed whether a debtor may claim an exemption on vacant land individually owned by and titled in his wife's name. 330 B.R. 240, 242 (Bankr. E.D. Wis. 2005). The *Czerneski* court found the husband debtor could only claim an interest in the vacant land if he could establish "a mixing of his marital property with the land." *Id.* at 242-43. The husband debtor's only contribution to the property consisted of paying real estate taxes. *Id. Czerneski* held that since "the payment of taxes, interest and insurance does not increase the equity in the property, such payments do not increase the community property interest in property." *Id.* at 245. The payment of real estate taxes and insurance is insufficient under Wisconsin law to convert the property into marital property. *Id.*

*Czerneski* is precisely on point with respect to real estate taxes and insurance. Here, Dorshak claims he spent approximately $13,500 of marital property to cover the home's real estate taxes and $7,800 to cover homeowner's insurance. Because such payments do not increase equity in the home, Dorshak cannot convert the home into marital property or establish mixing giving rise to an exemption based on these payments.

The burden of proof to establish mixing falls upon the party seeking a reclassification of the property. *In re Estate of Kobylski,* 178 Wis. 2d 158, 503

6

N.W.2d 369, 374 (Wis. Ct. App. 1993). Because the payment of real estate taxes or insurance is not enough to mix the property, and because there was no mortgage to pay off, Dorshak must argue the painting, re-roofing, and repairing a pipe are sufficient under section 766.63(2) of the Wisconsin statutes to claim the homestead exemption. These expenditures were maintenance of the residence and there is no evidence they improved or increased the value of the property. *Krueger* at 384.

Section 766.63(2) provides that property can be mixed and may create a marital property interest if one spouse applies "substantial labor, effort, inventiveness, physical or intellectual skill, creativity or managerial activity to either spouse's property other than marital property." This will create marital property "if both of the following apply: (a) [r]easonable compensation is not received for the application," and "(b) [s]ubstantial appreciation of the property results from the application." Wis. Stat. § 766.63(2). Satisfying section 766.63(2) "creates marital property, because in Wisconsin the economic benefits of substantial appreciation resulting from substantial labor inure to the spouses as marital property." Keith A. Christiansen, et al., *Marital Property Law in Wisconsin* § 3.3 (4th ed. 2010).

The facts do not indicate whether Dorshak actually performed the physical labor to paint, repair the roof or ceiling, or to repair the water line. It appears likely he did not since the Debtors list amounts expended for these various items. Therefore, there is no evidence he provided "substantial labor, effort, inventiveness, physical or intellectual skill, creativity or managerial

7

activity" that was uncompensated for these items. The facts seem only to indicate he paid for these items. It is also unclear whether payment for the roof and ceiling repairs occasioned by storm damage were paid with insurance proceeds. The analysis does not change even if there were no insurance proceeds used to pay for storm-related repairs. Even if the first prong of section 766.63(2) is satisfied, however, the Debtors still bear the burden of satisfying the second prong of the test.

There is no evidence regarding appreciation following the maintenance and repairs cited by Dorshak. Dorshak's contributions may well have maintained the real estate's value, but there is no indication the expenditures added substantial value to the property.

Further, even if this Court finds Dorshak has contributed a substantial amount of labor that substantially appreciated the value of the real estate, it would not make the real estate as a whole marital property. Mixing creates marital property "only to the extent of the additional value of the property that is attributable to the substantial uncompensated labor." *In re Estate of Kobylski*, 503 N.W.2d at 379. Following *Kobylski*, Dorshak could only claim an exemption to the extent of additional value. The Debtors submit no evidence of additional value or that he performed substantial uncompensated labor that increased the value of the property. In addition, to create a mixed asset, the labor provided must be more than routine, normal, or usual effort. *In re Czerneski*, 330 B.R. at 245. There is not an exact standard for what qualifies as substantial contribution. *Id.* (citing Unif. Marital Property Act § 14 comment,

8

9A U.L.A. 131-32 (1987)). It is left to the Court's discretion to measure. The court in *Kobylski* ruled that painting and yard work, without more, qualified only as routine maintenance of the property and did not operate to create a marital property interest. *Id.* However, more significant work such as enlarging the garage did qualify as a substantial contribution. *Id.* at 380. Even after such a contribution, the debtor must still show a substantial appreciation of value caused by the contribution. *Id.*

Wisconsin case law is clear that "the non-owner spouse cannot be allowed any credit for payments that constitute merely 'maintenance of the property.'" *In re Czerneski*, 330 B.R. at 245 (citing *Estate of Kobylski*, 178 Wis. 2d 158, 503 N.W.2d 369, 385 (Wis. Ct. App. 1993)). The Wisconsin Court of Appeals explained in *Krueger v. Rodenberg,* 190 Wis. 2d 367, 376, 527 N.W.2d 381, 385 (Wis. Ct. App. 1994), that "it would make little sense . . . to rule . . . that a marital property interest can be created by the mere payment of taxes or other maintenance expenses." *Id.*

By the Debtors' own explanation of facts, Dorshak's payments consist of routine maintenance on and expenses for the home. Following a 2014/2015 storm, the home sustained damage necessitating repair to the roof and ceiling, which also required replacing insulation and repainting at a total cost of $7,600. Necessary repair expenses do not create an ownership interest. *Marital Property Law in Wisconsin, supra*, § 3.12 at 12. In addition, the Debtors also explain the water line "had to be replaced." As a result, Dorshak's $3,500 payment to fix the water line also constitutes necessary or routine maintenance

9

which does not create an ownership interest. Finally, Dorshak also points to a car insurance payment of $4,000 without explanation. It is inconceivable how paying car insurance is related to the value of or an exemption in a homestead.

Undaunted, the Debtors ask this Court to determine Dorshak's property interest through the lens of Wisconsin probate or divorce law. Without citing a single such case, the Debtors simply assert that probate and divorce law compel a finding that Dorshak should be permitted an exemption.

"State law controls questions regarding property interests in a bankruptcy." *In re Landsinger*, 490 B.R. 827, 829 (Bankr. W.D. Wis. 2012). Here, both parties agree the real estate is Roen's individual property. The Debtors argue under Wisconsin divorce and probate case law he must have a community property interest in the home.

Unfortunately for the Debtors, this argument is misplaced. This is not a probate or divorce proceeding. Courts analyzing marital property in divorce proceedings do so under Chapter 767 of the Wisconsin Statutes, and in probate matters under Chapters 852 and 861. *See id.* at 830. The *Landsinger* court reasoned, "Wisconsin cases interpreting the property interests of divorcing parties under Chapter 767 have no relevance outside of divorce proceedings." *Id.* As a result, Chapter 766 governs classification of the home. Similarly, any rights of a spouse in probate proceedings including an election against property at the death of a spouse are created under Chapters 852 and 861. Roen is still alive. Thus, rights that might exist for one spouse in a

probate related to the other spouse have no relevance outside of probate proceedings. Again, Chapter 766 governs the Trustee's objection.

There was no mixing of marital property with Roen's individual property. The Debtors simply expended marital property for taxes, insurance, maintenance, and repairs. There was no uncompensated labor that resulted in substantial appreciation. As a result, the Debtors have failed to sustain their burden of proof.

## Conclusion

The objection of the Trustee is sustained and the exemption is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 26, 2016

BY THE COURT:

Catherine J. Furay
U.S. Bankruptcy Judge